GARY M. RESTAINO
United States Attorney
District of Arizona
BENJAMIN GOLDBERG
New York State Bar No. 5346838
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona  85004
Telephone:  602-514-7500
Email: ben.goldberg@usdoj.gov
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>            vs.<br><br>Esmeralda Rodriguez Sanchez,<br><br>                    Defendant. | No. CR-22-01105-02-DJH<br><br>**GOVERNMENT'S SENTENCING<br>MEMORANDUM** |

The United States respectfully requests that this Court sentence defendant Esmeralda Rodriguez Sanchez ("Sanchez") to a term of five years of probation.  This recommendation is consistent with the terms of Sanchez's plea agreement and properly considers the sentencing factors set forth in 18 U.S.C. § 3553(a), including the nature and characteristics of the offense, the history and characteristics of the defendant, and the need for the sentence to provide just punishment.

**I.      Factual Background**

On November 18, 2021, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") began an investigation into Sanchez and her co-defendant, Carlos Isaac Molinar Diaz ("Diaz").  (PSR ¶ 6.)  The investigation began after an ATF Intelligence Research Specialist noticed that the couple had purchased a large quantity of expensive firearms in a short time frame.  (Id.)  Additional research showed that Sanchez purchased a total of

seven firearms from February 2021 to November 2021.  (PSR ¶ 11.)  For each purchase, Sanchez listed an address in Somerton, Arizona as her residence.  (Id.)  ATF agents investigated the Somerton address and eventually determined that Sanchez and Diaz did not live there.  (PSR ¶ 6.)

Law enforcement eventually located Sanchez and Diaz at their home in Yuma, Arizona.  (Id.)  During an interview, Sanchez confirmed that she and Diaz had lived in Yuma since the summer of 2021, which predated several of her firearm purchases. (PSR ¶ 7.)  Sanchez also admitted to purchasing firearms on behalf of other individuals in Mexico.  (Id.)  According to Sanchez, she would purchase firearms to help fill orders, but all orders went through Diaz and she was not involved in any deliveries.  (Id.)  Agents also interviewed Diaz, who admitted that he recruited Sanchez to help him purchase firearms. (PSR ¶ 9.)

On August 30, 2022, a three-count indictment was filed, charging Diaz and Sanchez with one count of Dealing Firearms Without a License (Count 1) and each of them with one count of False Statement During the Purchase of a Firearm (Counts 1-2).  (PSR ¶ 1.) On March 14, 2023, Sanchez pled guilty to Count 3 of the indictment.  (PSR ¶ 2.)

## II.     The Applicable Guidelines Range

The United States has reviewed the PSR and has no objections, additions, or corrections.  The PSR calculates a total offense level of 15 and a criminal history category of I, resulting in a Guidelines range of 18-24 months' imprisonment.  (PSR at 15.)  The PSR notes that Sanchez has limited correctional treatment need and extensive family responsibilities and therefore notes that a downward variance pursuant to 18 U.S.C. § 3553(a) may be warranted.  (PSR ¶ 66.)  The PSR does indeed recommend a downward variance, ultimately suggesting a sentence of five years of probation.  (PSR at 15-16.)

The plea agreement in this case contains a stipulation that Sanchez's sentence will not exceed the low-end of the Guidelines range.  (PSR ¶ 63.)

//

//

### III.    Argument

The United States respectfully requests that this Court accept the PSR's recommendation of a downward variance and sentence Sanchez to a term of five years of probation.  Such a sentence is appropriate in light of the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to avoid unwarranted sentence disparities.  *See* 18 U.S.C. § 3553(a).

To be sure, nature and circumstances of the offense are series, and there is a need to promote respect for the law, provide just punishment, and deter future crimes because the offense involves purchasing firearms for another individual.  Moreover, Sanchez knew that the firearms she purchased were going to Mexico, a consideration the government does not take likely.

However, a number of factors here support a downward variance and an ultimate sentence to a term of probation.  Although Sanchez willingly participated in a scheme to purchase firearms for other individuals, she was not the organizer or leader of the scheme, and even Diaz admitted that he recruited her to help him purchase firearms.  (PSR ¶ 15.) She also was not present for any of the firearm deliveries.

The history and characteristics of the defendant also support a variance and a probation sentence.   This is Sanchez's first criminal offense, she has complied with all of her release conditions, and her acceptance of responsibility saved government resources. Sanchez was also forthcoming with ATF agents.  Most notably, Sanchez has not bought firearms or engaged in otherwise illegal activity since November of 2021.  Furthermore, a probation sentence will leave Sanchez on par with similarly-situated defendants.

Considering the totality of the circumstances, the government requests this Court accept the PSR's recommendation of a variance and sentence Sanchez to a term of five years of probation.

### IV.    Conclusion

For the foregoing reasons, the United States respectfully requests the Court impose a sentence of five years of probation.  Such a sentence is sufficient, but not greater

than necessary, to afford a just punishment and to reflect the seriousness of the offense and is warranted in light of the history and characteristics of the defendant, and the need to avoid unwarranted sentence disparities.

Respectfully submitted this 12th day of May, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

s/Benjamin Goldberg
BENJAMIN GOLDBERG
Assistant U.S. Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

William Michael Atkins
*Attorney for defendant*

*s/C. Covington*
U.S. Attorney's Office